# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL LYNN,

        Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,

        Agency.

DOCKET NUMBER
SF-0714-17-0702-I-1

DATE: July 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brook L. Beesley</u>, Alameda, California, for the appellant.

<u>Nadine Scott</u>, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal from Federal service pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(codified as amended at 38 U.S.C. § 714).  For the reasons discussed below, we GRANT the petition for review and REVERSE the administrative judge's decision to sustain the removal action.  The appellant's removal is REVERSED. We AFFIRM the initial decision as to the appellant's affirmative defenses except as MODIFIED to apply the correct standard to his equal employment opportunity (EEO) reprisal claim.

## BACKGROUND

¶2          On August 15, 2017, the agency issued a notice proposing to remove the appellant from his GS-06 Police Officer position with the agency's Mann-Grandstaff Veterans Affairs Medical Center (Spokane Medical Center), pursuant to 38 U.S.C. § 714, based on two charges:  (1) entering inaccurate information into a Government record (nine specifications); and (2) inappropriate conduct (two specifications).  Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 30-33.  In support of the first charge, the agency alleged that on nine occasions from November 11, 2016, to April 15, 2017, the appellant made entries in his VA Daily Operations Journal (DOJ) claiming that he was conducting official police business; however, Internet Protocol (IP) logs for the appellant's network account showed that he was using the internet on his VA computer during the relevant timeframes.  IAF, Tab 6 at 30-31.  In support of the second charge, the agency alleged that on January 26, 2017, the appellant improperly treated a VA employee as a suspect while investigating the alleged theft of a gift card that the employee had purchased.  *Id.* at 31-32.

¶3          The proposal informed the appellant of his right to reply to the proposed removal orally, or in writing, or both, and that he had until the close of business 7 business days after his receipt of the notice to reply.  *Id.* at 33.  The notice also advised the appellant that he could make arrangements for an oral reply by telephoning the secretary for the Interim Medical Center Director (Director), and that the agency would issue a written decision within 15 business days of the date

the appellant received the proposal notice. *Id.* Attached to the notice was the evidence upon which the proposal was based. *Id.* at 34-118.

¶4    On August 17, 2017, the appellant's representative sent the Director a letter via facsimile requesting to make an oral or written response to the proposal notice. *Id.* at 26-28. In his letter, the appellant's representative asked for all material relied on to support the proposal notice and requested that the deadline for responding to the notice be extended to 20 days from his receipt of that information. *Id.* at 27. He also asked the Director to notify his scheduling staff of her availability in order to make arrangements for the appellant's reply. *Id.*

¶5    The following day, the Director's secretary sent the appellant an email acknowledging receipt of his representative's letter and asking the appellant to follow the instructions in the packet he was provided. *Id.* at 25. Specifically, she instructed the appellant to contact her directly to schedule an oral reply because she was not authorized to "work through [the appellant's] attorney" to schedule the reply. *Id.* The Director's secretary also stated that the meeting must take place within the timeframe set forth in the proposal notice. *Id.* The Director ultimately granted the appellant a 1-day extension of the deadline for providing a reply, IAF, Tab 1 at 19; however, the appellant did not submit either an oral or a written response to the proposal notice, IAF, Tab 6 at 18.

¶6    On September 5, 2017, the agency issued a decision removing the appellant from his position effective the same day. IAF, Tab 13 at 18-20. The appellant filed a Board appeal challenging his removal. IAF, Tab 1. He initially requested a hearing, *id.* at 2, but subsequently withdrew his request, IAF, Tab 22. He raised affirmative defenses of retaliation for protected EEO activity, reprisal for whistleblowing, and a violation of his right to due process. IAF, Tab 1 at 3, Tab 26 at 5. He also argued that he was not covered by 38 U.S.C. § 714 and, therefore, the agency erred by removing him under that provision. IAF, Tab 1 at 3, Tab 26 at 2-3.

¶7  Based on the parties' written submissions, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 27, Initial Decision (ID) at 2, 21. The administrative judge found that the agency proved both charges by substantial evidence, ID at 7-15, and that the appellant failed to prove his affirmative defenses, ID at 15-21.

¶8  The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition, and the appellant has replied to the agency's response. PFR File, Tabs 3, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9  The administrative judge concluded that the agency met its burden of proving both charges and all the supporting specifications. ID at 7-15. The appellant does not appear to dispute that finding on review. PFR File, Tab 1. Instead, he makes the following arguments: the agency did not have the authority to remove him pursuant to the VA Accountability Act; the administrative judge erred by denying his motion to compel discovery; he was denied due process; and the administrative judge improperly failed to apprise him of the applicable burdens for the affirmative defenses he identified on his Board appeal form, as required by *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). PFR File, Tab 1 at 1-5.

¶10  Regarding the appellant's argument that the agency did not have the authority to remove him pursuant to 38 U.S.C. § 714, as the administrative judge correctly noted, the VA Accountability Act applies to all agency employees except those in certain specified categories set forth in 38 U.S.C. § 714(h)(1)(A)-(D). ID at 4; *see* 38 U.S.C. § 714(a)(1). The administrative judge found that, because the appellant did not belong to any of these categories, the agency had the authority to remove him pursuant to section 714. ID at 4.

¶11  Regarding the appellant's argument that the administrative judge abused her discretion by denying his motion to compel discovery, the appellant contends on

review that the administrative judge should have granted his motion to compel regarding his requests for the DOJs and IP logs of all Spokane Medical Center Police Department employees for the 2 years preceding his request (document requests 16 and 17, respectively).[2] PFR File, Tab 1 at 2 n.2; IAF, Tab 7 at 10. He further asserts that, although the administrative judge denied his motion to compel the agency to provide him these documents, she then identified "this very agency information" in the initial decision to support the agency's action. PFR File, Tab 1 at 2 n.2. The appellant avers that, if he had been allowed to examine these documents, "this could have made a difference in this case and affirmative defense(s)." *Id.*

¶12    The appellant's arguments are unavailing. The record indicates that the appellant did not object below to the administrative judge's discovery rulings, and his failure to do so precludes him from raising such an objection on review. *See Tarpley v. U.S. Postal Service*, [37 M.S.P.R. 579](#), 581 (1988) (stating that the appellant's failure to object to rulings precludes him from doing so on review); IAF, Tab 2 at 3. Moreover, the Board has held that administrative judges have broad discretion in ruling on discovery matters, and absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings. *Kingsley v. U.S. Postal Service*, [123 M.S.P.R. 365](#), ¶ 16 (2016); *Wagner v. Environmental Protection Agency*, [54 M.S.P.R. 447](#), 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). In denying the appellant's motion to compel, the administrative judge found that the appellant had not shown that the DOJs and IP logs he requested were relevant and that his request for the DOJs was overly broad. IAF,

---

[2] Although the appellant's motion to compel involved 15 other discovery requests (10 other document requests and 5 requests for admission), IAF, Tab 7 at 4, and the administrative judge denied the motion in its entirety, IAF, Tab 9, the only discovery requests that the appellant mentions on review are document requests 16 and 17. PFR File, Tab 1 at 2 n.2. Because the appellant has not specifically challenged the administrative judge's rulings regarding the other discovery requests at issue in his motion to compel, we do not consider those discovery requests further.

Tab 9. Although the appellant disagrees with the administrative judge's discovery rulings, he has not alleged that she abused her discretion in denying his motion to compel discovery, and we discern no such abuse in this matter.

¶13    We also find unpersuasive the appellant's argument that the administrative judge improperly considered the DOJs and IP logs that were the subject of his motion to compel in deciding to sustain his removal. PFR File, Tab 1 at 2 n.2. The only DOJs and IP logs that the administrative judge considered in reaching her decision were those pertaining to the appellant. ID at 8-11. These documents were part of the record and the agency provided them to the appellant with the proposal notice. IAF, Tab 6 at 54-67, 75-118. Thus, the appellant had the opportunity to examine those records, and the administrative judge properly considered them in sustaining his removal.

We nevertheless must reverse the removal action.

¶14    Although we agree with the administrative judge's finding that the VA Accountability Act applies to the appellant because he is a "covered individual" under the Act as set forth in 38 U.S.C. § 714(h)(1), we nonetheless find that his removal was improper under the VA Accountability Act. After the initial decision in this appeal was issued, the Board and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued precedential opinions addressing the application of the VA Accountability Act to events that occurred before the date of its enactment. We conclude that the appellant's removal must be reversed.

¶15    In *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1380-82 (Fed. Cir. 2020), the court found that 38 U.S.C. § 714 cannot be applied to events occurring before its enactment because Congress did not authorize its retroactive application, and the statute's lowered substantial evidence standard of proof and elimination of the Board's authority to mitigate the penalty detrimentally affected Dr. Sayers's property right to continued employment. *Id.* at 1372, 1374, 1380-82. The court also acknowledged that the notice of proposed removal in that case had not been issued until after the enactment of the VA Accountability Act but

determined that "[s]ection 714's impermissible retroactive effect on Dr. Sayers's substantive employment right is not eliminated by the prospective application of § 714's procedures." *Id.* at 1381. Consequently, the court held that the agency may not use the VA Accountability Act to discipline an employee for matters that occurred before its effective date, June 23, 2017, and vacated Dr. Sayers's removal. *Id.* at 1380-82.

¶16    Additionally, in *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 4, 29, the Board addressed the removal of an employee under section 714 based on alleged neglect of duty that both predated and postdated the effective date of the VA Accountability Act. The Board considered whether it would be possible to sustain the agency's action based solely on any alleged post-June 23, 2017 neglect of duty, but it concluded that the action must be reversed because the underlying alleged instances of misconduct by the appellant's subordinates "are so factually interrelated that they cannot be fairly separated." *Id.*, ¶¶ 29-33 (quoting *Boss v. Department of Homeland Security*, 908 F.3d 1278, 1279, 1282-83 (Fed. Cir. 2018)).

¶17    Here, as in *Sayers*, the agency removed the appellant under the VA Accountability Act based entirely on misconduct that predated the June 23, 2017 enactment date. IAF, Tab 5 at 18-20, 30-33. The fact that the removal proposal and decision letters were issued after the enactment date is of no consequence. Instead, as the court held in *Sayers*, 38 U.S.C. § 714 may not be applied to conduct that predates the passage of the Act, irrespective of the date that the agency action was proposed and effectuated. *Sayers*, 954 F.3d at 1380. Accordingly, the agency's charges are not sustained and the appellant's removal must be reversed.[3] *See id.* at 1380-82.

----

[3] The reversal of the appellant's removal on the grounds that 38 U.S.C. § 714 cannot be applied retroactively does not preclude the agency from reinitiating a removal action against the appellant for the same conduct under chapter 75. *Cf. Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 14 (2012) (holding that the

<u>The administrative judge correctly determined that the appellant failed to establish any of his affirmative defenses.</u>

*The administrative judge correctly found that the agency did not violate the appellant's due process rights.*

¶18    The appellant reasserts his due process claim on review.  PFR File, Tab 1 at 2, 4-5; IAF, Tab 26 at 2, 4-5.  Due process requires that, before taking an appealable action that deprives a tenured Federal employee of his property right in his employment, an agency must provide the employee with notice and a meaningful opportunity to respond.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543-46 (1985).  The appellant alleges that the agency denied him a meaningful opportunity to respond to the proposal notice when the Director's secretary informed him that he must contact her directly to make arrangements for an oral reply.  PFR File, Tab 1 at 4.  He contends that, by not allowing his representative to schedule the oral reply on his behalf, the agency hindered his ability to make the necessary arrangements to present an oral reply to the proposed removal.[4]  *Id.*

¶19    The administrative judge considered this argument in the initial decision and correctly found that the appellant's assertion that he was not afforded an opportunity to respond to the proposal notice was unsupported by the record.  ID at 16.  As previously discussed, the notice of proposed removal included explicit instructions for arranging an oral reply; however, the appellant and his representative chose not to follow these instructions even after the agency

reversal of the appellant's removal on due process grounds did not preclude the agency from reinitiating the action based on the same charges in a constitutionally correct proceeding).

[4] The appellant also asserts that requiring him to contact the Director's secretary directly to arrange an oral reply "was harmful error in the application of the procedures in arriving at [the agency's] decision."  PFR File, Tab 1 at 5.  The appellant has not presented any evidence to suggest that the agency committed an error that caused substantial harm or prejudice to his rights.  5 C.F.R. § 1201.4(r).  Thus, he has failed to show harmful procedural error.

extended the deadline for presenting an oral reply. Given these circumstances, we find that the appellant failed to show that the agency denied him a meaningful opportunity to respond to the notice of proposed removal.

> *We agree with the administrative judge's finding that the appellant failed to prove his remaining affirmative defenses, but we modify the initial decision to clarify the proper standard applicable to the appellant's EEO reprisal claim.*

¶20     The administrative judge found that the appellant failed to prove his affirmative defenses of whistleblower retaliation and reprisal for prior EEO activity. ID at 17-21. The appellant has not challenged the administrative judge's findings regarding these claims on review. Instead, he argues that the administrative judge failed to provide him with proper *Burgess* notice before issuing the initial decision despite the fact that he identified these affirmative defenses on his Board appeal form. PFR File, Tab 1 at 5; IAF, Tab 1 at 3.

¶21     If an appellant prevails in an appeal before the Board based on a finding of discrimination, he may recover compensatory damages from the agency pursuant to the Civil Rights Act of 1991. *Hess v. U.S. Postal Service*, 124 M.S.P.R. 40, ¶ 19 (2016). Thus, reversal of an agency action when an appellant has raised a discrimination-based affirmative defense does not afford the appellant all possible relief available to him, and the Board must adjudicate the affirmative defense. *See Morey v. Department of the Navy*, 38 M.S.P.R. 14, 17 (1988). Here, the appellant could be entitled to compensatory damages if he proved his claim of retaliation for protected EEO activity. *See Hess*, 124 M.S.P.R. 40, ¶¶ 9-19. The appellant also could be entitled to compensatory damages if he proved his claim of reprisal for protected disclosures or activities under 5 U.S.C. § 2302(b)(8) or (b)(9). 5 U.S.C. § 1221(g)(1)(A)(ii); *see King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 15 (2013).

¶22     Regarding the appellant's *Burgess* notice argument, the Board has consistently required administrative judges to apprise an appellant of the applicable burdens of proving a particular affirmative defense, as well as the kind

of evidence the appellant is required to produce to meet his burden. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 17 n.7 (2018); *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 13 (2010), *overruled on other grounds by Thurman*, 2022 MSPB 21, ¶ 17. Here, the administrative judge failed to notify the appellant of the applicable law and the means for proving his affirmative defenses before she issued the initial decision. The administrative judge did, however, address the appellant's affirmative defenses in the initial decision, which set forth the elements and applicable standards for proving his affirmative defenses, thereby affording the appellant the opportunity to meet his burden of establishing these affirmative defenses on review and curing her failure to provide the appellant notice regarding his affirmative defenses.[5] ID at 15-21; *see Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 6 n.2 (2017) (finding that although the appellant was not notified of the correct standard and burden of proof applicable to her affirmative defense of racial discrimination before the hearing, the initial decision set forth the correct standard, thereby providing her with notice and an opportunity to meet this burden on review); *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction).

¶23    In explaining the analytical framework applicable to the appellant's EEO reprisal claim, the administrative judge identified the motivating factor standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 48-51 (2015), but then went on to also discuss *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986), which applies to alleged retaliation for

---

[5] Because the administrative judge applied the correct standard in analyzing the appellant's whistleblower retaliation affirmative defense and the appellant has not challenged her findings on review, we have not addressed that claim further. ID at 19-21.

"the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation" in which an appellant did not allege EEO discrimination or retaliation, or seek to remedy whistleblower reprisal.[6] ID at 17-18; *see* 5 U.S.C. § 2302(b)(9)(A)(ii); *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 32. We find that the administrative judge's error in providing the *Warren* standard was harmless because she also provided the correct motivating factor standard. ID at 17. Further, she applied the standard concluding that the appellant had identified his first- and second-line supervisors in the EEO complaint (the latter served as the proposing official for his removal), but he failed to present "evidence of a motive to retaliate" by these officials, or that the deciding official was even aware of his prior EEO activity. ID at 19. Consequently, the administrative judge concluded that the appellant "did not present any evidence to support his claim of retaliation." ID at 19.

¶24    Following the issuance of the initial decision, the Board issued *Pridgen*, 2022 MSPB 31, ¶¶ 20-25, which overruled parts of *Savage* and clarified the proper analytical framework to be applied to affirmative defenses of Title VII discrimination and retaliation. However, consistent with *Savage* and the initial decision, the Board concluded that a motivating factor standard applies to claims of retaliation for EEO activity protected under Title VII and the Age Discrimination in Employment Act. *Id.*, ¶¶ 20-21. Nevertheless, the relief that an appellant receives may be limited unless he proves that the prohibited consideration was a but-for cause of the agency's action. *Id.*, ¶¶ 20-22, 30 (citation omitted); *see Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (finding

---

[6] The requirements set forth in *Warren*, 804 F.2d at 656-58, state that an appellant must show that (1) he engaged in protected activity; (2) the accused officials knew of the protected activity; (3) the adverse action under review could, under the circumstances, have been retaliation; and (4) there was a genuine nexus between the alleged retaliation and the adverse action.

that 29 U.S.C. § 633a prohibits not just age-based discrimination, but retaliation for complaints of age-based discrimination as well).

¶25     As previously noted, the appellant's prior EEO complaint alleged that he was subjected to a hostile work environment based on age and reprisal.[7]  IAF, Tab 26 at 19-33.  The appellant does not dispute the administrative judge's determination that evidence of retaliatory motive was entirely lacking.  Therefore, we affirm her finding as modified to clarify that the motivating factor standard, and not the genuine nexus standard, applies to the appellant's EEO reprisal claim. Because the appellant failed to prove that his EEO activity motivated his removal, he necessarily failed to meet the more stringent but-for standard.  *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 31.  Accordingly, he is not entitled to any relief for this claim.  *Id.*

## ORDER

We ORDER the agency to cancel the removal action and restore the appellant effective September 5, 2017.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶26     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to

---

[7] The only evidence in the record identifying the appellant's prior EEO activity is a copy of a written affidavit he provided in support of his EEO complaint, which identifies his claim that he was "subjected to a hostile work environment based on age and reprisal" as the sole claim accepted for investigation in connection with his EEO discrimination complaint.  IAF, Tab 26 at 19.  We will assume, for the sake of analyzing the appellant's EEO reprisal claim, that his prior EEO activity concerned a claim of discrimination based on his age.

provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶27 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶28 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶29 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. <u>5 U.S.C. § 7702</u>(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____
                       Jennifer Everling
                       Acting Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐   1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐   2) Settlement agreement, administrative determination, arbitrator award, or order.

☐   3) Signed and completed "Employee Statement Relative to Back Pay".

☐   4) All required SF50s (new, corrected, or canceled).   **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐   5) Certified timecards/corrected timecards.   **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐   6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐   7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.